IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William Sparks,

        Plaintiff,                      Case No. 2:11-cv-0284

v.

                                        JUDGE EDMUND A. SARGUS, JR.
Zanesville Police Dept, et al.,        Magistrate Judge Kemp

        Defendants.

## ORDER

    By order dated April 15, 2011, plaintiff was directed to submit an amended complaint setting out the facts which relate to his claims against each of the defendant and explaining how, in the context of the facts, he believes each defendant violated his constitutional rights. Plaintiff was specifically advised that, if he failed to file an amended complaint, this case would be dismissed for failure to prosecute. The time established for the filing has passed and plaintiff has failed to file an amended complaint or request an extension of time within which to do so.

    If the plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir. 1985). Dismissal for failure to prosecute can occur where, for example, a plaintiff fails to respond to an order directing that he file a brief. *Dynes v. Army Air Force Exchange Service*, 720 F.2d 1495 (11th Cir. 1983). Ordinarily, some notice of the court's intention to dismiss for failure to prosecute is required, *see Harris v. Callwood*, 844 F.2d 1254 (6th Cir. 1988), but that

requirement is met if the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir. 1972)(*per curiam*). Because plaintiff has failed to file an amended complaint as directed, this case is dismissed for failure to prosecute.

 

__8-23-2011__
**DATE**

__/s/__
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**